IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**TERRY L. BUXTON,**

      **Petitioner,**

v.                                **Case No.: 3:16-cv-04489**

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex**

      **Respondent.**

## MEMORANDUM OPINION and ORDER

Terry L. Buxton, having filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (ECF No. 2), and the Clerk having received the $5.00 filing fee from Petitioner, (ECF No. 8), it is hereby **ORDERED** that Respondent, on or before **October 28, 2016**, shall answer the Petition, showing cause, if he has any, why the relief sought by Petitioner should not be granted. The answer should, insofar as possible, respond to the issues raised and **shall include any available court or other records that would facilitate determination of the issues.** Further, the answer shall include a paragraph indicating whether or not Petitioner has exhausted his state remedies as required by 28 U.S.C. § 2254 and whether the petition is timely filed.

Petitioner may, if he wishes, file a reply to the answer or response of the Respondent within **thirty (30) days** after service of same by the Respondent. Petitioner shall, if he files any further documents in this case, mail copies of such documents to counsel of record for the Respondent with a certificate of service attached.

Also currently pending is Petitioner's Motion for the Appointment of Counsel, (ECF No. 3). For the following reasons, the Court **DENIES** Petitioner's Motion, without prejudice to the filing of a renewed motion should there be a change of circumstance that makes the need for counsel apparent.

The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, authorizes United States District Courts to appoint counsel to represent financially eligible individuals in habeas actions brought pursuant to 28 U.S.C. § 2254, "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This standard is similar to the one applied in determining whether to appoint counsel in civil actions governed by 28 U.S.C. § 1915(e)(1), which states that the appointment of counsel rests within the sound discretion of the court. In other words, Petitioner has no constitutional right to counsel in this case. Whether counsel should be appointed depends upon several factors, including (1) the type and complexity of the case; (2) the ability of the litigant to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)); *Hoggard v. Purkett,* 29 F.3d 469 (8th Cir. 1994).

Having reviewed the filings made by Petitioner to date, he appears capable of presenting his arguments. Moreover, the issues have been previously briefed and addressed in state habeas proceedings, and Petitioner can use those documents to provide guidance in this action. Finally, the need for an evidentiary hearing is not apparent at this time. Therefore, the appointment of counsel is not appropriate. However, should circumstances change, or an evidentiary hearing become necessary, the Court will

reconsider its ruling.

The Clerk is instructed to provide a copy of this Order together with a copy of the Petition to the Attorney General of the State of West Virginia. The Clerk is further instructed to provide a copy of this Order to Petitioner and counsel of record.

**ENTERED**: September 16, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge