## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**TERRY L. BUXTON**,

        **Petitioner,**

v.                                  **Case No.: 3:16-cv-04489**

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex**

        **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 2), and Respondent's Motion to Dismiss, (ECF No. 15). This case is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly reviewed and considered the record, the undersigned **FINDS** that Petitioner failed to exhaust his state court remedies as to some of his claims; thus, he prematurely filed his petition for a writ of habeas corpus in this Court. However, the undersigned further **FINDS** that Petitioner is entitled to a stay and abeyance of the petition while he exhausts his state remedies. Therefore, the undersigned **RECOMMENDS** that the presiding District Judge **GRANT** Petitioner's request for a **STAY**; **DENY**, without prejudice, Respondent's Motion to Dismiss, but **GRANT** Respondent's alternate request for a stay and abeyance; and hold

Petitioner's habeas petition in **ABEYANCE** pending exhaustion of his state court remedies. In light of the timeliness concerns reflected in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, the undersigned further **RECOMMENDS** that the District Judge condition a stay and abeyance on Petitioner pursuing his state court remedies within **thirty (30) days** of the date that the order to stay is entered and require Petitioner to return to federal court within **thirty (30) days** after he has exhausted his state court remedies.

## I.    <u>Relevant Facts and Procedural History</u>

In 1993, the Circuit Court of Wayne County, West Virginia sentenced Petitioner to life imprisonment without the possibility of parole for the murder of his ex-wife and a consecutive two to ten years of imprisonment for the malicious wounding of her lover. (ECF No. 16-1 at 2). Thereafter, Petitioner filed a direct appeal in the Supreme Court of Appeals of West Virginia ("SCAWV"). (ECF No. 16-1). Due to conflict with his counsel, Petitioner also filed a *pro se* supplemental petition for appeal in the SCAWV. (ECF No. 16-2). The SCAWV refused his direct appeal on May 21, 1997. (ECF No. 16-3). Petitioner did not petition for a writ of certiorari.

On May 4, 1998, Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus in the Circuit Court of Wayne County. (ECF No. 16-4). In May 2013, over fifteen years later, Petitioner's appointed counsel filed an amended habeas petition on his behalf.[1] (ECF No.

---

[1] There is minimal information regarding some events that occurred during the fifteen-year period. In September 1998, the Kanawha County Public Defender's Office was appointed to assist Petitioner in his state habeas proceeding. (ECF No. 16-8 at 3). In March 1999, Randall Wall was appointed as Petitioner's counsel. (*Id.*). In April 2000, the West Virginia Department of Corrections was ordered to provide Mr. Wall with Petitioner's file pertaining to his psychological/psychiatric records. (*Id.* at 3-4). In May 2007, Mr. Wall was relieved from representation and Gregory L. Ayers of the Kanawha County Public Defender's Office was substituted as counsel for Petitioner in the state habeas action. (*Id.* at 4; ECF Nos. 16-5 at 2 and 16-11 at 6). However, it is unclear what then transpired until Mr. Ayers filed Petitioner's amended state habeas petition in May 2013.

16-5). The Circuit Court of Wayne County denied Petitioner's request for habeas relief in June 2014, and Petitioner appealed the decision to the SCAWV, which affirmed the Circuit Court's decision in May 2015. (ECF Nos. 16-8, 16-9, 16-10). In July 2015, Petitioner filed a *pro se* petition for a writ of habeas corpus under the SCAWV's original jurisdiction. On April 12, 2016, the SCAWV refused to issue a rule to show cause. (ECF Nos. 16-11, 16-12).

Petitioner filed the instant federal petition for a writ of habeas corpus on May 17, 2016. (ECF No. 2).[2] A show cause order was issued, and Respondent filed an Answer and a Motion to Dismiss with Memorandum in Support. (ECF Nos. 9, 14, 15, 16). Respondent contends that Petitioner's § 2254 petition contains three unexhausted claims; as such, Respondent argues that the Court must dismiss the action, without prejudice, or stay Petitioner's federal habeas proceeding so that Petitioner may adjudicate his unexhausted claims in state court. (*Id.*).

In response, Petitioner concedes that two of his claims are unexhausted. (ECF No. 19 at 2-9). However, Petitioner argues that he "did not voluntarily, knowingly, or intelligently waive" those claims, and his state habeas counsel was ineffective in failing to advance them. (*Id.*). As to the third claim that Respondent contends is unexhausted, Petitioner asserts that the claim is exhausted because he attempted to present the issue to the SCAWV in an original jurisdiction habeas petition. He states that although his "attempt was inartfully done, it nonetheless presented the issue to the [SCAWV] and [the

---

[2] Pursuant to the "prison mailbox rule," the undersigned applies the date on Petitioner's certificate of service as opposed to the date that the clerk of court received his petition. (ECF No. 2 at 68); *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) ("pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'") (citing *Houston v. Lack*, 487 U.S. 266, 266, 108 S. Ct. 2379, 2380, 101 L. Ed. 2d 245 (1988)).

SCAWV] could have *sua sponte* chosen to determine it on the merits." (*Id.* at 10, 19). Petitioner asks the Court to dismiss his petition without prejudice or stay his federal proceeding, if it determines that any of his claims are unexhausted. (*Id.* at 1-2). However, he also states without explanation that the Court should excuse his failure to exhaust and "make a *de novo* determination of his claims" because "there is an absence of available State corrective process and/or circumstances exist that render available state corrective processes ineffective" and "[t]hus, no further opportunity exists to obtain redress in the State court(s) because the corrective process is clearly deficient as to render futile any effort to obtain relief." (*Id.* at 2).

Respondent filed a reply to Petitioner's response, arguing that Petitioner's request for a *de novo* determination of his unexhausted claims is without adequate foundation. Respondent points out that Petitioner failed to identify a state court ruling that precludes him from pursuing the unexhausted claims in West Virginia state courts. (ECF No. 23 at 1). Respondent contends that without such a ruling, the issues must first be presented and exhausted in state court proceedings. Nonetheless, Respondent does not object to a stay and abeyance of the federal petition while Petitioner exhausts his state court remedies.

## II.    **Standard of Review**

Respondent filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), based on Petitioner's failure to exhaust state remedies for some of the claims contained in his petition. (ECF No. 15). Respondent filed an answer concurrently with the motion to dismiss. Therefore, the motion technically should be considered as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule

4

12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in § 2254 actions. *Id.* at 138-39.

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a § 2254 case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.*

## III.  <u>Exhaustion</u>

As a prerequisite to filing a § 2254 proceeding, a habeas petitioner must exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must fairly present the federal constitutional issues to the state courts and allow them "one full opportunity" to resolve the issues. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Given that the purpose of exhaustion is to ensure that the state has "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights," *Picard*, 404 U.S. at 275 (internal quotations omitted), fair presentation requires that the state courts be fully informed of "'both the

5

operative facts and the controlling legal principles.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (quoting *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997)). While it is unnecessary to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal citations omitted). Instead, the petitioner must present the "substance of a federal habeas corpus claim" to the state courts. *Picard*, 404 U.S. at 278.

In West Virginia, exhaustion is accomplished in one of three ways: by (1) presenting the federal constitutional issues directly to the SCAWV through an appeal of the conviction or sentence; (2) filing a petition for a writ of habeas corpus in the appropriate circuit court followed by an appeal of the judgment to the SCAWV, if the result is adverse; or (3) filing a petition for a writ of habeas corpus under the SCAWV's original jurisdiction and receiving a dismissal with prejudice. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *Bayerle v. Godwin*, 825 F. Supp. 113, 114-15 (N.D. W. Va. 1993); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545-46 (S.D. W. Va. 1986); *see also Gardner v. Plumley*, No. 2:12-cv-03386, 2013 WL 5999041, at *5 (S.D. W. Va. Nov. 12, 2013). In general, the district court may not review a federal habeas petition unless there has been "total exhaustion" of the presented issues. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Therefore, when a petitioner has failed to exhaust his state court remedies, a federal habeas petition should be dismissed. *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). In the event that a federal habeas petitioner presents a "mixed petition" consisting of both exhausted and unexhausted claims, the district court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in

6

state court; or (3) allow the petitioner to remove the unexhausted claims and proceed with the exhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). The court may also deny the unexhausted claims on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(2); *see also White v. Keller*, No. 1:10-CV-841, 2013 WL 791008, at *5 (M.D.N.C. Mar. 4, 2013).

"The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state court proceedings." *Rose,* 455 U.S. at 518. While the exhaustion requirement is not jurisdictional, it should be strictly enforced. *Id.* at 522. Accordingly, a federal court may only excuse the exhaustion barrier when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Moreover, these statutory exceptions apply "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Where a state court would refuse to hear a claim due to a petitioner's failure to observe a state procedural rule, the claim is considered exhausted because there is "an absence of available State corrective process." *See, e.g., Rose v. Lee*, No. 7:07-cv-00003, 2007 WL 2050823, at *3 (W.D. Va. July 12, 2007) (citing *Teague v. Lane*, 489 U.S. 288, 298 (1989)); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."); *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) ("State remedies are exhausted when the petitioner does not have the 'right under the law of the State to raise, by any available

7

procedure, the question presented.'") (quoting 28 U.S.C. § 2254(c)); *Villot v. Varner*, 373 F.3d 327, 337 (3d Cir. 2004) ("[W]hen the state refuses to consider the merits of the prisoner's claims because the petitioner has failed to comply with the state's procedural requirements, his claim is nonetheless technically exhausted because 'there is an absence of available State corrective process'") (quoting 28 U.S.C. § 2254(b)(1)(B)(i)). Although such claims are technically exhausted, they are subject to the procedural default doctrine in any subsequent federal habeas proceeding. *See Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000) ("If claims were not exhausted in state court but would now be procedurally barred if brought in state court, then federal courts can treat the claims as if they were procedurally defaulted in the state courts."). The procedural default doctrine prevents a federal court from hearing a claim that has been, or would be, disposed of on "adequate and independent state-law grounds, unless the petitioner can show cause and prejudice for, or a fundamental miscarriage of justice resulting from, failure to comply with the applicable rule." *See Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009).

## IV.  <u>Discussion</u>

The undersigned agrees that Petitioner failed to exhaust three of the claims presented in his § 2254 petition. First, Petitioner never presented to the SCAWV Ground One, Subsection 3 of his § 2254 petition, in which he argues that his trial counsel was constitutionally ineffective by failing in closing argument to "meaningfully discuss" and "channel jurors' attention" to the testimony of a chief prosecution witness. (ECF No. 2 at 18). Petitioner contends that Mark Pennington, the sole eyewitness to the shooting of Petitioner's ex-wife, testified at trial that Petitioner was disturbed following the shooting and stated, "Oh, my God, I've shot my baby. I thought the damn thing was empty." (*Id.*). According to Petitioner, this testimony was "extremely probative" of his mental state at

the time and established the absence of premeditation, a required element of first-degree murder. (*Id.*).

Petitioner concedes that he did not raise this ground in his direct appeal. While Petitioner mentioned Mr. Pennington's foregoing testimony, it was not in the context of ineffective assistance of counsel. (ECF Nos. 16-1 at 38, 16-2 at 33-34, 57-58). Petitioner referenced in a footnote that the theory of an accidental shooting was "[a] possible defense left completely unexplored by defense counsel." (ECF No. 16-2 at 34). Nonetheless, Petitioner never squarely presented the issue of whether his counsel was constitutionally ineffective by not focusing on Mr. Pennington's testimony in closing argument. To the contrary, Petitioner expressly indicated that he intended to "raise all aspects of the issue of ineffectiveness of trial counsel at a subsequent collateral attack of his conviction in habeas corpus." (*Id.* at 62).

In his *pro se* state habeas petition, Petitioner stated without any elaboration that his trial counsel was constitutionally ineffective by failing "to meaningfully discuss the evidence presented at trial during closing statements." (ECF No. 16-4 at 74). However, that claim was not incorporated in the amended state habeas petition prepared by Petitioner's counsel. Consequently, the issue was not presented to the SCAWV in Petitioner's state habeas appeal. (ECF Nos. 16-5, 16-9).

Second, Petitioner agrees that he did not raise in any of the state proceedings Ground One, Subsection 4, of his federal habeas petition, which alleges that trial counsel was ineffective by failing to impeach Mr. Pennington at trial with his prior inconsistent statement. (ECF No. 2 at 19). In a footnote in his direct appeal supplemental brief, Petitioner noted that Mr. Pennington's trial testimony was inconsistent with his statement to police; however, Petitioner's trial counsel failed to question Mr. Pennington

about inconsistencies despite Petitioner's request that he do so. (ECF No. 16-2 at 32-33). Notwithstanding this footnote, Petitioner expressly reserved in his supplemental brief the issue of ineffective assistance of counsel, indicating that he intended to raise that issue in a subsequent habeas petition. (*Id.* at 62). Later, in his *pro se* state habeas petition, Petitioner reiterated that Mr. Pennington's "statement to police and his [trial] testimony contained several major inconsistencies" and that his counsel failed to question Mr. Pennington about the inconsistent statements. (ECF No. 16-4 at 27). However, he did not make the statement in support of an ineffective assistance of counsel claim; rather, the statement was made as part of his argument that there was insufficient evidence to sustain a conviction for first-degree murder. (*Id.*). Petitioner did assert numerous allegations of ineffective assistance of counsel in his state habeas petition, but counsel's failure to question Mr. Pennington about inconsistencies was not one of them. (*Id.* at 74). Moreover, this claim was not included in his amended state habeas petition prepared by counsel, his state habeas appeal to the SCAWV, or his petition for habeas relief under the SCAWV's original jurisdiction. (ECF Nos. 16-5, 16-9, 16-11).

Lastly, Petitioner did not exhaust Ground Two of his § 2254 petition, in which he argues that he was denied due process because the jury did not discuss and agree on whether he should be granted mercy. (ECF No. 2 at 19). The circuit court denied this claim in the state habeas proceeding, but Petitioner did not appeal that aspect of the decision to the SCAWV. (ECF No. 16-8 at 17-21 and 16-9). Petitioner argues that this ground was later exhausted in his *pro se* petition filed under the SCAWV's original jurisdiction when he challenged the effectiveness of his habeas counsel for failing to appeal the circuit court's denial of the claim. However, the SCAWV declined to issue a rule to show cause and did not state that the decision was with prejudice. (ECF Nos. 16-11 and 16-12).

Pursuant to W. Va. R. App. P. 16(j), if the SCAWV "declines to issue a rule to show cause, such determination shall be without prejudice to the right of the petitioner to present a petition to a lower court having proper jurisdiction, unless the Supreme Court specifically notes in the order denying a rule to show cause that the denial is with prejudice." Moreover, "[a]n order declining to issue a rule to show cause does not prevent the petitioner from pursuing the same issues on appeal following a final order in the lower court." *Id.* Therefore, because the SCAWV's denial of Petitioner's original jurisdiction habeas petition did not state that it was with prejudice, it was without prejudice by default, and it did not exhaust Petitioner's claim presented in Ground Two of his federal petition.

In summary, Petitioner acknowledges that two of his ineffective assistance of counsel claims were not exhausted in state court. Further, while the SCAWV could have addressed Petitioner's due process claim relating to the issue of mercy on the merits, the SCAWV instead declined to issue a rule to show cause; therefore, that claim likewise was not exhausted. Accordingly, the undersigned **FINDS** that Petitioner has not exhausted three claims presented in the instant federal petition.

Finding that the claims are unexhausted, the undersigned considers whether such claims are procedurally barred. West Virginia's "post-conviction habeas corpus statute, W.Va. Code § 53–4A–1 *et seq.* ... clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding during which he must raise all grounds for relief which are known to him or which he could, with reasonable diligence, discover." Syllabus Point 1, *Gibson v. Dale*, 319 S.E.2d 806, 808 (1984); *see Markley v. Coleman*, 601 S.E.2d 49, 53 (2004). Grounds that were not raised in direct appeal or state habeas proceeding are deemed waived "when the petitioner could have advanced, but intelligently and

knowingly failed to advance" them.  W. Va. Code § 53-4A-1(c). When a petitioner fails to raise grounds in his direct appeal or habeas proceeding, there is "a rebuttable presumption that the petitioner intelligently and knowingly failed to advance such contention or contentions and grounds." *Id.*

However, in *Losh v. McKenzie,* 277 S.E.2d 606, 611 (W.Va. 1981), the SCAWV recognized a narrow exception to the procedural bar in which ineffectiveness of state habeas counsel allows a West Virginia state court to reach the merits of a claim contained in a second state habeas petition that could have been, but was not, raised in a first state habeas petition. *Clement v. Ballard*, No. 2:15-CV-02320, 2015 WL 6690158, at *9 (S.D. W. Va. Sept. 22, 2015), *report and recommendation adopted*, No. 2:15-CV-02320, 2015 WL 6680893 (S.D. W. Va. Nov. 2, 2015). The SCAWV is clear that in order for a petitioner to waive habeas claims, it must be "knowing and intelligent [...] in the vein of a waiver of a constitutional right, which cannot be presumed from a silent record." Syllabus Point 1, *Gibson*, 173 W. Va. at 684, 319 S.E.2d at 808. Accordingly, "[b]efore the failure to advance contentions in a habeas corpus proceeding will bar their consideration in subsequent applications for habeas corpus relief, the record must conclusively demonstrate that the petitioner voluntarily refrained from asserting known grounds for relief in the prior proceeding." Syllabus Point 2, *Gibson*, 173 W. Va. at 684, 319 S.E.2d at 808.

Here, the record before the Court does not "conclusively demonstrate," that Petitioner knowingly and intelligently waived his unexhausted claims such that the Court can determine that he would be procedurally barred from raising the claims in state court. The *Losh* checklist and the partial transcript of Petitioner's circuit court omnibus habeas corpus hearing submitted by Respondent show that Petitioner indeed intended to assert claims related to ineffective assistance counsel; these documents do not specify which

12

ineffective assistance of counsel claims that Petitioner intended to raise, nor do they demonstrate that he waived the two unexhausted ineffective assistance of counsel claims asserted in his federal petition. (ECF Nos. 16-6 and 16-7). Further, those documents do not show that Petitioner knowingly and intelligently waived his due process claim regarding the juror's lack of consideration of mercy. While Petitioner's appointed counsel included this claim in Petitioner's amended state habeas petition, counsel failed to appeal the circuit court's denial of the claim to the SCAWV. (ECF Nos. 16-5 at 6, 16-9); *see* (ECF No. 16-11 at 10) (Petitioner asserts that he advised his state habeas counsel that he wished to appeal the circuit court's ruling, but counsel abandoned the issue in the appeal to the SCAWV. Consequently, there is a reasonable possibility that the state court may find that Petitioner did not knowingly and intelligently waive the claim. *See, e.g., Boothe v. Ballard*, No. 2:14-CV-25165, 2016 WL 1275054, at *45 (S.D. W. Va. Mar. 31, 2016), *aff'd*, No. 16-6621, 2016 WL 6819691 (4th Cir. Nov. 18, 2016) ("The Court notes, however, that the record is devoid of any indication that Petitioner intelligently and knowingly waived these claims, such as evidence that his appellate habeas counsel cautioned Petitioner that he may waive these claims by not raising them on appeal.")

The undersigned is mindful that "[i]f any reasonable possibility exists that the state court may apply an exception to its procedural default rule, the federal court should not apply a state procedural bar to find that exhaustion is futile." *Meadows v. Legursky*, 904 F.2d 903, 909 (4th Cir. 1990), *abrogated on other grounds by Trest v. Cain*, 522 U.S. 87 (1997). Given Petitioner's contention that his unexhausted claims are a result of ineffective assistance of state habeas counsel, the undersigned finds that a reasonable possibility exists that the state court may address the unexhausted grounds on the merits. Accordingly, exhaustion need not be excused under § 2254(b)(1)(B), and the procedural

default doctrine need not be applied to Petitioner's claims at this point in the proceedings.

Having concluded that Petitioner has presented both exhausted and unexhausted claims in his petition, without establishing any applicable exception to the AEDPA's exhaustion requirement, the undersigned considers whether it is appropriate for the Court to deny the unexhausted claims on the merits; dismiss the petition in its entirety, without prejudice; order a stay and abeyance while the petitioner exhausts his claims in state court; allow the petitioner to remove the unexhausted claims and proceed with the exhausted claims; or, as Petitioner urges, consider the claims *de novo*. *Rhines,* 544 U.S. at 277–78,; 28 U.S.C. § 2254(b)(2); *see also White,* 2013 WL 791008, at *5. Starting with the latter option, Petitioner asks the Court to review his unexhausted claims *de novo,* because the state "corrective process is clearly deficient as to render futile any effort to obtain relief." (ECF No.  19 at 2). The undersigned does not find this exception to exhaustion to be applicable in this case. As discussed, Petitioner does not appear to be procedurally barred from raising his unexhausted claims in state court. *See Losh*, 166 W. Va. at 678, 277 S.E.2d at 611; *Gibson*, 173 W. Va. at 684, 319 S.E.2d at 808. Further, Petitioner articulates no other factual basis on which to conclude that his efforts would be futile. Although there was a lengthy delay in the resolution of Petitioner's first state habeas proceeding, that proceeding has now concluded. Petitioner's unexhausted claims are not presently pending in the state courts, such that Petitioner could argue that exhaustion should be excused due to inordinate delay. *Cf. Plymail v. Mirandy*, No. 16-6547, 2016 WL 6892492, at *1 (4th Cir. Nov. 23, 2016) (petitioner was excused from exhausting his state remedies where state supreme court expended over 20 years in deciding his direct appeal and his state habeas was still pending after 3 years). Further, the apparent delays in his previous state habeas proceeding occurred prior to the circuit court receiving his

14

amended petition. The circuit court and the SCAWV ruled fairly expeditiously on his amended petition and appeal, respectively, once they were filed. Therefore, there is no reason to conclude that Petitioner would suffer inordinate delay in a subsequent state habeas petition. The principle of comity dictates that Petitioner, as a convicted and sentenced state prisoner, must fairly present his unexhausted federal constitutional claims to the state courts first and permit them the opportunity to address them. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). Therefore, the undersigned **FINDS** that this Court should not consider Petitioner's unexhausted claims *de novo*.

Furthermore, the undersigned cannot conclude that Petitioner's unexhausted claims are plainly meritless. Having reviewed the § 2254 petition, the unexhausted claims relate to critical aspects of Petitioner's conviction and sentence, including ineffective assistance of trial counsel and the jury's failure to consider whether to grant him mercy. The arguments raised by Petitioner are not facially frivolous. Moreover, Petitioner maintains that his state habeas counsel failed to effectively develop the record for some of his unexhausted claims because he never advanced them in the state habeas proceedings. After examining the state habeas materials supplied by Respondent, the undersigned is not in a position to definitively determine that Petitioner's contentions lack *potential* merit. If the state court agrees with Petitioner regarding the ineffectiveness of his state habeas counsel, then that court should be permitted to develop the necessary record for the unexhausted claims. Thus, the undersigned **FINDS** that the Court should not deny Petitioner's unexhausted claims on the merits.

As to the remaining options presented above, the undersigned **FINDS** that a stay and abeyance is proper in this case. Stay and abeyance is only appropriate in limited circumstances in which the district court determines that "the petitioner had good cause

15

for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.") In *Rhines*, the Supreme Court provided little guidance as to what constitutes good cause in the context of stay and abeyance, but cautioned:

> AEDPA's 1-year limitations period "quite plainly serves the well-recognized interest in the finality of state court judgments." It "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." AEDPA thus encourages petitioners to seek relief from state courts in the first instance by tolling the 1-year limitations period while a "properly filed application for State post-conviction or other collateral review" is pending. This scheme reinforces the importance of *Lundy's* "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."
> ...
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Id.* at 277 (citations omitted). Notwithstanding this warning, the Court acknowledged the potential problems posed by requiring dismissal of mixed petitions while enforcing the AEDPA's 1-year statute of limitations, noting that "[i]f a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it ... after the limitations period has expired, this will likely mean the termination of any federal review." *Id.* at 275. For that reason, the Court hesitated to state an inflexible rule. *Id.* at 279 (Stevens, J.,

concurring) ("[G]ood cause for failing to exhaust state remedies more promptly ... is not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner.") (internal markings and citation omitted). Since its decision in *Rhines*, the Supreme Court has offered one example of good cause, albeit in *dicta*. In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the Court stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" before exhausting his state court remedies. Some courts have interpreted *Pace* to require a broad interpretation of the good cause requirement set forth in *Rhines*. *See, e.g.*, *McCrae v. Artus*, No. 10-CV-2988, 2012 WL 3800840, at *8 (E.D.N.Y. Sept. 2, 2012).

The Fourth Circuit has yet to precisely define what constitutes good cause under *Rhines*. However, this Court found that a stay was appropriate where a petitioner had only thirty-nine days from the date of the Proposed Findings & Recommendations ("PF&R") to file a state habeas petition, which would toll the AEDPA's statute of limitations, and then return to federal court under the AEDPA's one-year statute of limitations. *Carter v. Ballard*, No. 2:14-cv-11952, 2015 WL 966127, at *12 (S.D. W. Va. Mar. 4, 2015). The time constraint, in conjunction with the petitioner's "confusion regarding the availability of relief in state habeas proceedings, [and] his claims of ineffective assistance of [state appellate] counsel," amounted to good cause in the stay analysis. *Id.* Similarly, in *Elswick v. Plumley*, this Court found that a stay was warranted where the petitioner alleged his state habeas counsel was ineffective, he lacked any legal knowledge, and he would "have no future opportunity to return to federal court" if the petition were dismissed. No. 2:14-cv-29300, slip op. at 21-22 (S.D. W. Va. May 1, 2015) (ECF No. 18). Further, the undersigned recently found good cause for a stay and abeyance

in light of the complex procedural issues arising in the case, the petitioner's allegations of ineffective assistance of state habeas counsel, the possibility that the petitioner's ability to obtain federal habeas relief would be jeopardized if his petition was dismissed, and the State of West Virginia's acquiescence to a stay. *Clement*, 2015 WL 6690158, at *12.

Other federal courts differ on how stringently to define good cause in the context of stay and abeyance. *See Provencio v. Chrones*, No. 06-1760, 2007 WL 1299967, at *2-*6 (S.D. Cal. Apr. 30, 2007) (collecting cases containing various definitions for good cause standard); *Williams v. Hurley*, No. 2:05-cv-985, 2006 WL 1650771, at *10 (S.D. Ohio June 6, 2006) (report and recommendation discussing various definitions applied and noting that some courts have adopted standard for cause applicable to procedural default while other courts have declined to do so); *compare Landeck v. Allen*, No. 3:14-CV-88, 2014 WL 5410630, at *4 (E.D. Va. Oct. 22, 2014) (recognizing that standard should not be "inordinately demanding") *with Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (declining to adopt "broad interpretation" of good cause because such interpretation would undermine goals of AEDPA). As a result, federal courts have also disagreed as to what constitutes good cause in the stay analysis. *Compare Long v. Ballard*, No. 2:13-cv-26, 2013 WL 6858415, at *6 (N.D. W. Va. Dec. 30, 2013) (finding that good cause did not exist to grant stay where petitioner argued that any subsequent federal habeas petition would be time barred), *with Smith v. Wolfe*, No. PJM-10-2007, 2011 WL 4548315, at *6 (D. Md. Sept. 27, 2011) (granting stay rather than dismissing without prejudice where any subsequent federal habeas petition would be time barred), *Murray v. Perry*, No. 3:06-CV-51, 2007 WL 601494, at *5 (N.D. W. Va. Feb. 22, 2007) (magistrate judge recommending stay where any subsequent federal habeas petition would be time barred), *and Clement v. Blair*, No. 06-00351, 2007 WL 57782, at *3 (D.

Haw. Jan. 5, 2007) (recognizing that "impending expiration of [AEDPA's] statute of limitations does constitute good cause."); *compare Newman v. Lempke*, No. 13-cv-531, 2014 WL 4923584, at *3 (W.D.N.Y. Sept. 30, 2014) (recognizing ignorance or confusion about law may constitute good cause), *and Provencio*, 2007 WL 1299967, at *5 (report and recommendation finding that ignorance of law and reasonable confusion as to whether state court habeas petition would be timely satisfied good cause standard), *and Riner v. Crawford*, 415 F.Supp.2d 1207, 1211 (D. Nev. 2006) (holding that good cause exists where petitioner can "show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control"), *with Jackson v. Baenen*, No. 12-cv-00554, 2012 WL 5988414, at *2 (E.D. Wis. Nov. 29, 2012) (holding ignorance of law does not constitute good cause), *and McIntyre v. Quarterman*, No. 3-09-cv-0574, 2009 WL 1563516, at *3 (N.D. Tex. June 2, 2009) (same); *compare Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014) (holding ineffective assistance of counsel during state habeas proceedings may constitute good cause for a stay), *and Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (same), *with Edwards v. Thaler*, No. 3:10-CV-0006-M, 2011 WL 4056299, at *2 (N.D. Tex. Aug. 15, 2011) (finding that ineffective assistance of state habeas counsel did not support finding of good cause for stay), report and recommendation adopted by 2011 WL 4074330 (N.D. Tex. Sept. 12, 2011), *and Carter v. Friel*, 415 F. Supp. 2d 1314, 1317-18 (D. Utah 2006) (recognizing split of authority as to whether ineffective assistance of post-conviction counsel constitutes good cause and concluding that it does not).

Turning to the relevant facts in the good cause analysis, the undersigned finds that the AEDPA's one-year statute of limitations clearly expired in this case pursuant to 28 U.S.C. § 2244(d)(1)(A). The SCAWV refused Petitioner's direct appeal on May 21, 1997.

(ECF No. 16-3). Petitioner had 90 days within which to file a petition for a writ of certiorari in the Supreme Court of the United States. He did not do so; thus, his judgment of conviction became final on the day following the expiration of the 90-day period. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so—90 days—has elapsed."); *Hernandez v. Caldwell,* 225 F.3d 435, 439 (4th Cir.2000) (Under Federal Rule of Civil Procedure 6(a), the one-year limitation period commences the day after the event triggering the period.). The one-year AEDPA statute of limitations ran for over eight months before it was tolled by Petitioner filing a state habeas petition. *Hill*, 277 F.3d at 704 ("The running of the one-year limitation period, however, is suspended for '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'") (citing 28 U.S.C.A. § 2244(d)(2)). Therefore, even without continuing the calculation, it is apparent that any subsequent § 2254 petition would be untimely because Petitioner's present § 2254 petition, which did not toll the one-year period, has been pending in this Court for an additional ten months. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.").

As such, more than eighteen months elapsed since Petitioner's judgment became final. Consequently, if the Court dismissed this action without prejudice so that Petitioner can return to state court to exhaust his claims, he would be time-barred from seeking federal habeas relief absent a finding of equitable tolling. *Holland v. Florida*, 560 U.S.

20

631, 645 (2010) (AEDPA's statutory limitations period may be tolled for equitable reasons). The undersigned finds that the untimeliness of any future federal habeas petition, as well as Petitioner's allegation that his failure to exhaust was due to ineffective state habeas counsel, weighs in favor of a stay and abeyance in this case. *See, e.g., Samples v. Ballard*, No. 2:13-CV-11638, 2014 WL 1342312, at *11 (S.D. W. Va. Mar. 31, 2014) (citing *Adams v. McBride,* 3:06–cv–0382, 2009 WL 3187209, at *1 (S.D. W. Va. Sept. 30, 2009) (this court granted a stay and held the petitioner's federal habeas petition in abeyance where it seemed clear that dismissal would undoubtedly result in petitioner's inability to timely seek federal habeas relief); *Carter*, No. 2:14-cv-11952, 2015 WL 966127, at *12.

As for the second consideration in assessing the propriety of a stay, the undersigned concludes, as stated above, that Petitioner's unexhausted claims are *potentially* meritorious. Therefore, this consideration also weighs in favor of staying Petitioner's case. Finally, with regard to the third element set forth in *Rhines*, there is no reason to believe that Petitioner has engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. To the contrary, Petitioner was diligent in seeking relief from his convictions, first on direct appeal, and subsequently in his state habeas proceeding. Although the reason for the lengthy disposition of Petitioner's state habeas proceeding is unclear, the record does not clearly demonstrate that the delay was due to Petitioner's dilatory actions. He has no apparent incentive for delay, nor does Respondent accuse him of intentionally thwarting the state process. *Cf. Rhines*, 544 U.S. at 277-78 (recognizing that "capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death."). Moreover, since filing in this Court, Petitioner has been actively engaged in the process. Accordingly, the

undersigned **FINDS** that Petitioner satisfies the three requirements for the issuance of a stay under *Rhines*. For the aforementioned reasons, and in light of the fact that Respondent does not object to this Court staying proceedings and holding Petitioner's petition in abeyance, a stay and abeyance is the most appropriate option available to this Court.

## V.    <u>Proposal and Recommendations</u>

For the forgoing reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** the following**:**

1.    Petitioner's request for a stay and abeyance, (ECF No. 19), be **GRANTED**;

2.    Respondent's Motion to Dismiss, (ECF No. 15), be **DENIED, without prejudice,** as premature, but Respondent's alternate request for a stay and abeyance be **GRANTED**;

3.    Petitioner be **GRANTED** a **STAY** so that he may pursue his state court remedies for his unexhausted claims and that the stay be conditioned on Petitioner pursuing his state court remedies within **thirty (30) days** of the date that the order to stay is entered; and

5.    Petitioner's habeas petition be held in **ABEYANCE** pending exhaustion of state court remedies, and Petitioner be required to return to federal court within **thirty (30) days** after he has exhausted his state court remedies and seek to lift the stay.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with

the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:**  April 4, 2017

Cheryl A. Eifert
United States Magistrate Judge